IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| VENUS BRINKLEY BAITY,<br><br>Plaintiff,<br><br>v.<br><br>SANDIE TYSINGER CHAPPEL,<br><br>Defendant. | 1:26-cv-1306 |

**MEMORANDUM OPINION AND ORDER**

Lindsey A. Freeman, United States District Judge.

This matter is before the Court on Plaintiff Venus Brinkley Baity's Motion for Temporary Restraining Order and Preliminary Injunction.[1] Dkt. 5. Because this Court cannot sit in appellate review of state-court judgments, it denies her motion and dismisses the case for lack of subject-matter jurisdiction.

**FACTS**

Ms. Baity lives in Carter County, Tennessee, and is co-owner, through inheritance, of five parcels of real property in Davidson County, North Carolina. Dkt. 4 ¶¶ 1, 4. Those five parcels of land were sold by a state-court-appointed commissioner in a partition action, but Ms. Baity's share has not been disbursed yet. *Id.* ¶ 4. A hearing in state court

[1] On November 4, 2026, the Court issued a Text Order denying Ms. Baity's Motion for Temporary Restraining Order and Preliminary Injunction. This Order explains the Court's full justification for that decision.

was set for November 5, 2026, in Lexington, North Carolina, to determine each owner's share from the partition action. Dkt. 2 at 1.

On October 12, 2026, Ms. Baity filed a request—in state court—for an accommodation to have the state court proceedings held over video and audio transmission, claiming that her physical disabilities prevented her from traveling from her home in Tennessee to the state-court proceeding in Lexington, North Carolina. Dkt. 4 ¶¶ 3, 5. On October 29, 2026, Assistant Clerk Patrick Wolfe of the state court issued a signed order denying that request with the following explanation: "No grounds upon which to grant requested relief provided on the motion. Court is not within its own authority to grant relief based on other parties not being noticed for motion and parties being unable to be heard on motion." *Id.* ¶ 7. The order also directed the hearing to be held in person on November 5, 2026, at 9:00 AM, in the Davidson County Courthouse in Lexington, North Carolina. *Id.*

As a result, Ms. Baity filed suit in this Court, arguing that the accomodations denial gave rise to claims under Title II of the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act, and 42 U.S.C. § 1983. Dkt. 2 at 5-8. She also filed a Motion for Temporary Restraining Order and Preliminary Injunction, on the same grounds, asking this Court to order the state court to provide remote access via WebEx or telephone. *See generally* Dkt. 5. Because the Court lacks subject-matter jurisdiction to hear

her claims, the Court denies the Motion for Temporary Retraining Order and Preliminary Injunction and dismisses the case without prejudice.

**ANALYSIS**

This Court lacks subject-matter jurisdiction to review the state court's denial of Ms. Baity's request to hold the hearing via audio and video transmission. Under the *Rooker-Feldman* doctrine, federal district courts generally lack subject-matter jurisdiction over issues presented to and decided by state courts. *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997); *see generally Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983). The United States Supreme Court has deemed this a narrow doctrine "confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] district court proceedings commenced and inviting [federal] district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). This rule arises from the principle that review of state-court decisions "lies with superior state courts and, ultimately, the United States Supreme Court." *Jones v. Hickman-Bey*, No. 5:26-cv-300, 2026 WL 2793712, at *3 (E.D.N.C. July 20, 2026), *adopted*, 2026 WL 2790744 (E.D.N.C. Sept. 17, 2026). The doctrine strips federal district courts of jurisdiction to enjoin state courts, *see Moore v. Silver*, No. 5:24-cv-686, 2025 WL 1212833, at *8 (E.D.N.C. Apr. 25, 2025), *aff'd*, No. 25-1500, 2025 WL 2694381 (4th Cir. Sept. 22, 2025), review interlocutory state-court orders, *Am. Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 319 (4th Cir. 2003), and review

decisions by state lower and high courts alike, *see T.M. v. Univ. of Md. Med. Sys. Corp.*, 608 U.S. 668, 679-84 (2026).

Furthermore, the Fourth Circuit has confirmed that the *Rooker-Feldman* doctrine prohibits review of issues that are "inextricably intertwined with questions ruled upon by a state court." *Davani v. Virginia Dep't of Transp.*, 434 F.3d 712, 717 (4th Cir. 2006). A federal claim is inextricably intertwined with a state-court decision if "success on the federal claim depends upon a determination that the state court wrongly decided the issues before it." *Plyler*, 129 F.3d at 731 (internal quotation marks omitted).

Ms. Baity asks this Court to overturn the state court's determination of her accommodation request, a request that is inextricably intertwined with her claims under Title II of the ADA, Section 504 of the Rehabilitation Act, and 42 U.S.C. § 1983. This Court cannot exercise appellate review of this state-court decision. *See T. M.*, 608 U.S. at 676-77; *Rooker*, 263 U.S. at 416.

When a state court denies a plaintiff's request for disability accomodations for a court proceeding, the *Rooker-Feldman* doctrine bars federal district courts from hearing the plaintiff's subsequent federal claims based on the state court's denial of those accomodations. *See Sykes v. Cook Cnty. Cir. Ct. Prob. Div.*, 837 F.3d 736, 741-43 (7th Cir. 2016). In *Sykes*, the plaintiff attended a state court hearing with her service dog that helped alleviate her post-traumatic stress disorder. *Id.* at 739. During the hearing, the state judge permanently expelled the dog from the courtroom. *Id.* Similar to Ms. Baity's

case, the plaintiff sued in federal court, claiming that banning her service dog from the courtroom violated her rights under Title II of the ADA. *Id.*

The federal district court dismissed her case under *Rooker-Feldman* for a lack of subject-matter jurisdiction, and the Seventh Circuit affirmed. *Id.* at 743. As the court emphasized, the proper way to challenge the state judge's dog ban was through state-court channels, because when "the injury is executed through a court order, there is no conceivable way to redress the wrong without overturning the order of a state court." *Id.* *Rooker-Feldman* therefore bars suit in federal court. *Id.*; *see also Wimer v. Greene Cnty. Gen. Cir. Ct.*, No. 3:19-cv-21, 2019 WL 5580961, at *3 (W.D. Va. Oct. 29, 2019) (finding that *Rooker-Feldman* barred the defendant's ADA claims when the state judge denied the defendant's request for a qualified reader and writer during his state criminal proceedings), *aff'd*, 806 F. App'x 193 (4th Cir. 2020); *Charnock v. Virginia*, No. 2:16-cv-493, 2017 WL 5574987, at *4 (E.D. Va. Jan. 5, 2017) (finding *Rooker-Feldman* barred the plaintiff's federal suit over whether the state court wrongly denied his ADA accommodation request), *aff'd*, 698 F. App'x 158 (4th Cir. 2017).

Here, Ms. Baity's suit in this Court is barred by the *Rooker-Feldman* doctrine. According to her Motion for Temporary Restraining Order and Preliminary Injuction, "[Ms. Baity] emailed a written request for disability accomodation to the Davidson County Disability Access Coordinator . . . asking for WebEx or telephone appearance at the November 5 hearing" in state court. Dkt. 5 at 2. That same day, she claims that the

state court Assistant Clerk Patrick Wolfe denied that motion in a signed order.[2] *Id.* As a result, Ms. Baity sued in this Court, arguing that the denial gave rise to claims under Title II of the ADA, Section 504 of the Rehabilitation Act, and 42 U.S.C. § 1983. Dkt. 2 at 5-8. As in *Sykes* where the *Rooker-Feldman* doctrine barred the plaintiff's federal claims for the state judge's expulsion of her service dog, the *Rooker-Feldman* doctrine bars Ms. Baity's federal claims for the state court's denial of audio and video accommodations. Her claims are inextricably intertwined with questions already ruled upon by the state court, and there is no way to separate her alleged injury from the state-court decision. This Court therefore lacks subject-matter jurisdiction over her claims and the case is dismissed without prejudice.[3]

---

[2] Although the accommodation request was denied by the state clerk of court rather than a judge, the decision has the same legal effect as if a judge issued it. *See* N.C. Gen. Stat. § 7A-40 ("The clerk of superior court in the exercise of the judicial power conferred upon him as ex officio judge of probate, and in the exercise of other judicial powers conferred upon him by law in respect of special proceedings and the administration of guardianships and trusts, is a judicial officer of the Superior Court Division, and not a separate court."); *Bright v. McClure*, 865 F.2d 623, 626 (4th Cir. 1989) (highlighting that a suit against a state clerk of court "in his official capacity is clearly one against the state of North Carolina"); *Kornegay v. Onslow County*, No. 7:24-cv-1096, 2026 WL 2126364, at *4 (E.D.N.C. July 23, 2026) ("Where a clerk of superior court or her assistant is acting pursuant to her judicial powers provided by statute, she is a state judicial officer and any suit against her is a suit against the state . . . .").

[3] Because this case is dismissed for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine, it is dismissed without prejudice. *See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) ("A dismissal for . . . [a] defect in subject matter jurisdiction . . . must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the

**IT IS THEREFORE ORDERED** that the Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction is **DENIED**. The Plaintiff's Complaint, Dkt. 2, is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

It is **SO ORDERED**.

This the 16th day of November, 2026.

LINDSEY A. FREEMAN
UNITED STATES DISTRICT JUDGE

---

merits."); *Stacy v. Leary*, No. 25-1885, 2026 WL 3335020, at *1 (4th Cir. Nov. 4, 2026) (unpublished) (explaining that a district court's dismissal for lack of subject-matter jurisdiction under *Rooker-Feldman* must be without prejudice); Fed. R. Civ. P. 41(b).